# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**SALVATORE LEONARD PELULLO,**

      **Petitioner,**

**v.**                                   **Case No: 5:23-cv-189-WFJ-PRL**

**WARDEN, FCC COLEMAN - LOW,**

      **Respondent.**

_____

## ORDER

Petitioner initially moved for an Order of Contempt and Imposition of Sanctions (Doc. 24) wherein he states that Respondent has not complied with the Court's August 13, 2024 Order. That Order directed Respondent as follows:

> BOP must make an individualized determination concerning whether Petitioner participated in BOP programing based on his individualized risk and needs assessment, and whether he complied with the requirements of each particular EBRR Program of PA, during Blocks One, Three, Six, and Eight. BOP must then recalculate Petitioner's time credits accordingly, if appropriate.

(Doc. 22 at 13). Petitioner claimed that the BOP has not complied with the Order, and that the Warden and other staff members claim the Order is invalid. (Doc. 24). On October 4, 2024, Respondent filed a Notice stating that "Personnel at the Bureau of Prisons Designation and Sentence Computation Center are working to update

Salvatore Pelullo's FSA time credits." (Doc. 25). Based on that representation, the motion was denied without prejudice. (Doc. 26).

Petitioner then filed a Renewed Motion for Order of Contempt and Imposition of Sanctions (Doc. 27). Petitioner claimed that "Respondent has yet to act in any capacity to 'update [Petitioner's] FSA time credits.'" *Id.* at 2. Respondent responded, noting that Petitioner's programming days and FSA time credits had been updated. (Doc. 29). Based on that representation, the renewed motion was denied without prejudice. (Doc. 30).

Now pending before the Court is Petitioner's Second Renewed Motion for an Order of Contempt and Imposition of Sanctions. (Doc. 31). Petitioner bases his motion on "Respondent's continued disregard for this Court's order despite his multiple assurances to this Court of his prior compliance." *Id.* at 1. Petitioner "acknowledges Respondent reviewed and recalculated Time Credits for Court-ordered Blocks One, Six, and Eight…" but claims Respondent failed to have "fully complied." *Id.* at 1, 2. Specifically, Petitioner states that Block Three (May 31 through July 16, 2019) "remains untouched and unexplained." *Id.* at 2.

In response, the Respondent states they did "precisely" what the Court ordered. (Doc. 33 at 1). When completing its assessment, the BOP determined that from May 31, 2019 through July 15, 2019, Petitioner was on transfer status and was housed at three different transfer facilities: Federal Medical Center Devens, Metropolitan Detention Center Brooklyn, and Federal Transfer Center Oklahoma City. *Id.* at 1–2. During that time period there are no records of Petitioner participating in EBRR

programming nor productive activities while he was on transfer status. (Doc. 33-1 at 2). Thus, because Petitioner was not participating in programming, he did not earn any FSA time credits during that time period.[1]

Accordingly, Petitioner's Motion (Doc. 31) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on April 30, 2025.

**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to:**
Pro Se Party
Counsel of Record

---

[1] In response to the Court's Order, the BOP did reevaluate each block of time, credited Petitioner with additional programming days, and recalculated his FSA time credits. *Compare* Doc. 9-1 at 38 (programming 865 days with 865 disallowed days) *with* Doc. 29-1 at 1 (programming 2,146 days with 73 disallowed days). Accordingly, Petitioner was granted credits when in transfer status when there were records of him participating in programming. He is not entitled to credits where there are no records of him programming.