UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SALVATORE LEONARD
PELULLO,

    Petitioner,

v.                                             Case No: 5:23-cv-189-WFJ-PRL

WARDEN, FCC COLEMAN -
LOW,

    Respondent.
_____

## ORDER

    This matter comes before the Court on Salvatore Pelullo's Motion for Reconsideration and/or Clarification (Doc. 36) filed under Rule 59(e), Federal Rules of Civil Procedure. On August 13, 2024, the Court granted-in-part and denied-in-part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 22). The Bureau of Prisons ("BOP") was directed to "make an individualized determination concerning whether Petitioner participated in BOP programing based on his individualized risk and needs assessment, and whether he complied with the requirements of each particular [evidence-based recidivism reduction] program or [productive activities], during Blocks One, Three, Six and Eight" and to then recalculate Petitioner's time credits accordingly, if necessary. (Doc. 22 at 13).

    Petitioner then moved for an Order of Contempt and Imposition of Sanction (Doc. 24) claiming that the BOP had not complied with the Order. The Warden

responded stating that "Personnel at the Bureau of Prisons Designation and Sentence Computation Center are working to update Salvatore Pelullo's [First Step Act ("FSA")] time credits." (Doc. 25). Thus, Petitioner's motion was denied without prejudice. (Doc. 26).

On January 10, 2025, Petitioner's "Renewed Motion for Order of Contempt and Imposition of Sanctions" was docketed. (Doc. 27). The Warden filed a Response, Doc. 29, noting that the Petitioner's programming days and FSA time credits had been updated. Thus, Petitioner's Renewed Motion was denied without prejudice. (Doc. 30).

On March 10, 2025, Petitioner's Second Renewed Motion for an Order of Contempt and Imposition of Sanctions was docketed. (Doc. 31). Petitioner claims that the BOP "ignored" Block Three.[1] *Id.* at 2. The response noted that "the BOP determined that Pelullo did not participate in evidence-based recidivism reduction programming or productive activities from May 31, 2019 through July 15, 2019." (Doc. 33 at 2). Petitioner filed a Reply referencing nonbinding case law for the proposition that because in some cases the BOP has granted inmates credits when they were not actually participating or successfully completing BOP programming, that he should receive that same windfall. (Doc. 34 at 1–2). The Second Renewed Motion was denied. (Doc. 35). Petitioner seeks reconsideration of that Order. (Doc. 36).

---

[1] During "Block Three," May 31, 2019 through July 15, 2019, Petitioner was housed at three different transfer facilities: Federal Medical Center Devens, Metropolitan Detention Center Brooklyn, and Federal Transfer Center Oklahoma City. (Doc. 33 at 2).

2

Rule 59(e), Fed. R. Civ. P., affords the Court substantial discretion to reconsider an order which it has entered. *See Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000). Rule 59(e) permits courts to alter or amend a judgment based on newly-discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). A movant cannot use a Rule 59(e) motion to relitigate old matters or raise argument[s] or present evidence that could have been raised prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Notwithstanding the Reply, the outcome would not change. This Court is not bound by District of Massachusetts caselaw; and the cases cited by Petitioner are not on point with the issue in this case. The first case, *Dunlap v. Warden FMC Devens*, No. 24-cv-11462-RGS, 2024 WL 5285006 (D. Mass. Dec. 13, 2024) a report and recommendation, acknowledges the "glaring inconsistencies in the BOP's practices" but found that BOP's administrative rule, codified at 28 C.F.R. § 523.41, which defines "successful participation" and the BOP's application of the Rule did not conflict with the statutory requirements of the First Step Act. *Id*. at *10. Dunlap was denied FSA credits for programming, while he was held at a non-BOP facility to facilitate his transportation on a writ of habeas corpus to a hearing related to restitution in his case, because the programming was not assigned by the BOP. *Id*. at *1. In the Order

3

adopting the report and recommendation, the District Judge noted that the FSA leaves it to the BOP to implement rules for when an inmate is "successfully participating" in BOP-programming, and that the BOP's application of its Rule did not contravene the FSA or otherwise violated Dunlap's federal rights. *Dunlap v. Warden FMC Devens*, 2025 WL 35248 (D. Mass. Jan. 6, 2025).

The second case, *Borker v. Bowers*, No. 24-cv-10045-LTS, 2024 WL 2186742 (D. Mass. May 15, 2024), addressed a separate issue not before this Court–whether Borker could accrue FSA credits prior to arrival at his designated facility and prior to the BOP's risk-and-needs assessment and assignment of programming while he was serving his sentence at a BOP facility.

When citing these two cases, Petitioner refers to statements from unnamed BOP representatives that are "contrary" to the Warden's position in this case. (Doc. 34 at 2). Without the full context of the statements from these unnamed representatives, it is not clear whether they conflict with the statements presented in this case. To be sure, it is not clear that these statements address whether an inmate is "successfully participating" in EBRR programs or PAs when on temporary transfer to the custody of another Federal or non-Federal government agency, *see* 28 C.F.R. § 523.41(c)(4)(iii), which is the issue in this instant case. Petitioner has failed to provide a basis for this Court to alter its previous Order.

Accordingly, Petitioner's Motion (Doc. 36) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 16, 2026.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**Copies furnished to**:
Pro Se Party
Counsel of Record